Filed 7/22/25  P. v. Perez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JACOB JOSEPH PEREZ,<br><br>    Defendant and Appellant. | F088814<br><br>(Super. Ct. No. SUF23164)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Franson, J. and DeSantos, J.

## **INTRODUCTION**

In 1999, defendant and appellant Jacob Joseph Perez (defendant) pled no contest to voluntary manslaughter (Pen. Code,[1] § 192, subd. (a), count 1); assault with force likely to produce great bodily injury (§ 245, subd. (a)(1), count 2); battery causing serious bodily injury (§ 243, subd. (d), count 3); and conspiracy to commit assault with force likely to produce great bodily injury (§ 182, subd. (a)(1), count 4). In addition, defendant admitted enhancements for the use of a knife as to all counts (§ 12022, subd. (b)(1)), and for infliction of great bodily injury as to counts 2, 3, and 4 (§ 12022.7, subd. (a)). He was sentenced to a stipulated prison term of 36 years.

In 2023, defendant filed a petition seeking resentencing on his voluntary manslaughter conviction pursuant to former section 1170.95, now renumbered as section 1172.6. The trial court appointed counsel and held an evidentiary hearing. It ultimately denied the petition, finding defendant ineligible for relief.

On appeal, defendant's appointed counsel filed a no-issue brief requesting that we exercise our discretion to independently review the record for error under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216. Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. To date, no supplemental brief has been filed.

Following our independent review of the record, we find no arguable issues. In light of defendant's failure to file a supplemental brief with this court, we exercise our discretion to dismiss defendant's appeal as abandoned.

## **FACTUAL AND PROCEDURAL BACKGROUND**

In 1999, defendant pled no contest to four counts: voluntary manslaughter (§ 192, subd. (a), count 1); assault with force likely to produce great bodily injury (§ 245, subd. (a)(1), count 2); battery causing serious bodily injury (§ 243, subd. (d), count 3); and conspiracy to commit assault with force likely to produce great bodily injury (§ 182,

---

[1]     All further undefined statutory citations are to the Penal Code.

2.

subd. (a)(1), count 4). In addition, defendant admitted enhancements for the use of a knife as to all counts (§ 12022, subd. (b)(1)), and for infliction of great bodily injury as to counts 2, 3, and 4 (§ 12022.7, subd. (a)). Defendant was sentenced to a stipulated prison term of 36 years.

In 2023, defendant filed a petition for resentencing on his voluntary manslaughter conviction under former section 1170.95, now renumbered as section 1172.6. The trial court appointed counsel and held an evidentiary hearing. It ultimately concluded that defendant was ineligible for resentencing relief and denied the petition.

### *The Trial Court's Ruling on Defendant's Petition*

On October 15, 2024, the trial court held an evidentiary hearing on defendant's petition. At the hearing, it considered the preliminary hearing transcript and the transcript of a February 10, 2022 parole suitability hearing. The court denied the petition, finding defendant ineligible for resentencing relief based on his admission that he was the direct perpetrator of the stabbing of Aurelio Robles. In reaching its decision, the court relied on the following evidence:

K.A. testified that he saw defendant, along with Yader Zeledon and Javier Manzo, enter a high school campus and engage in a confrontation with Robles, the victim, who was in gym class. The confrontation was over gang graffiti. During the encounter, Manzo handed a knife to defendant. Although K.A. saw all three assailants hitting Robles, he could not identify who stabbed Robles. K.A. also observed defendant put the knife he received from Manzo into his pocket, though he was unsure whether this occurred before or after the assault.

M.A. testified that he saw only Manzo and defendant with knives. He witnessed the fight but did not see anyone use a knife. Although he saw defendant enter the gymnasium holding a knife, he did not see defendant stab Robles.

Manzo, defendant's co-assailant, testified that before entering the school, defendant stated he was going to " 'stick somebody.' " Manzo handed his pocketknife to defendant, who then joined the fight holding the knife and stabbed Robles multiple times.

3.

The trial court also considered defendant's statements during the 2022 parole suitability hearing. When asked whether he had stabbed Robles, defendant responded, " 'I did.' "

Based on this evidence, including defendant's admission, Manzo's testimony, and the circumstantial evidence provided by eyewitnesses, the trial court found the prosecution had proven beyond a reasonable doubt that defendant personally used the knife in committing the killing. It therefore concluded that defendant was ineligible for resentencing relief under section 1172.6.

## **DISCUSSION**

"The amended homicide laws eliminated liability 'if the defendant neither killed nor intended to kill and was not "a major participant in the underlying felony [who] acted with reckless indifference to human life." ' [Citation.] The change 'applied to accomplices' and 'did not affect actual killer theories.' [Citation.] Thus, '[a]s a matter of law, resentencing relief under section 1172.6 is not available to an "actual killer." ' " (*People v. Glass* (2025) 110 Cal.App.5th 922, 928.)

On the record before us, there is no possibility that defendant was convicted of voluntary manslaughter based on a theory of imputed malice. At his parole suitability hearing, defendant admitted that he had stabbed Robles. It is well established that parole hearing transcripts are admissible at evidentiary hearings under section 1172.6, and defendant does not contend otherwise. (See *People v. Mitchell* (2022) 81 Cal.App.5th 575, 586; *People v. Anderson* (2022) 78 Cal.App.5th 81, 93; *People v. Myles* (2021) 69 Cal.App.5th 688, 703.)

On appeal, defendant does not challenge this finding or claim that anyone else was responsible for Robles's death. As a matter of law, he could not have been convicted of voluntary manslaughter on any theory other than as a direct perpetrator.

We therefore conclude that the trial court properly denied defendant's petition for resentencing, as he was convicted upon a theory of direct versus vicarious murder liability. (See generally *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 ["As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.' "];

4.

*People v. Myles*, *supra*, 69 Cal.App.5th at pp. 692–694 [affirming denial of resentencing where the defendant admitted at a parole hearing to being the actual killer and was therefore "directly liable," not "vicariously liable"]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 599–600 [holding that a defendant who was the actual killer was ineligible for resentencing relief under section 1172.6].)

Following our independent review of the record, we find no arguable issues.

## DISPOSITION

Defendant's appeal is dismissed.